FILED 203
Honorable J. B. Banks State Senator, 5th District c/o Senate Post Office State Capitol Building Jefferson City, Missouri 65101
Dear Senator Banks:
This opinion is in response to your questions asking for an interpretation of Section 51 of Article IV of the Missouri Constitution relative to the Governor's powers of appointment. For the sake of clarity, we set out the questions asked immediately prior to our response to such questions.
Section 51 of Article IV of the Constitution provides:
 "The appointment of all members of administrative boards and commissions and of all department and division heads, as provided by law, shall be made by the governor. All members of administrative boards and commissions, all department and division heads and all other officials appointed by the governor shall be made only by and with the advice and consent of the senate. The authority to act of any person whose appointment requires the advice and consent of the senate shall commence, if the senate is in session, upon receiving the advice and consent of the senate. If the senate is not in session, the authority to act shall commence immediately upon appointment by the governor but shall terminate if the advice and consent of the senate is not given within thirty days after the senate has convened in regular or special session. If the senate fails to give its advice and consent to any appointee, that person shall not be reappointed by the governor to the same office or position."
Your first question states:
 "1. Under the provisions of section 51
of article IV of the constitution of Missouri, when a person serving in an appointive position for a term certain is reappointed to that position for an additional term at the expiration of the first term, and when the Senate is in session, does such person serve as a continuation of the first term until such time as his reappointment is confirmed, or does his second term commence immediately upon appointment subject to termination if consent is not given?"
It is clear that the appointment of a person when the Senate is in session does not entitle the person to take office. Since the individual has not assumed office the "appointment" is essentially a mere nomination to the office which requires the approval of the Senate before such person can act. Thus, the procedure while the Senate is in session is similar to that procedure followed by the President of the United States and the Congress under the United States Constitution. See Marbury v. Madison,
5 U.S. (1 Cranch) 49, 2 L.Ed. 60 (1803). Such a procedure is in direct contrast to that which would be followed where the Senate is not in session. See McChesney v. Sampson, 23 S.W.2d 584
(Ky.App. 1930); State ex rel. Sikes v. Williams,121 S.W. 64 (Mo. 1909). When a nomination is made during a session of the Senate to fill a vacancy caused by the expiration of a term the incumbent of the office holds over under Section 12 of ArticleVII of the Missouri Constitution, which provides:
 "Except as provided in this Constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified."
Therefore, in answer to your first question, when such person is appointed while the Senate is in session, such person is merely nominated and the nomination itself does not constitutionally qualify the person to take office which means simply that the incumbent remains in office pursuant to Section 12 of Article VII, above quoted. During the period pending Senate approval it makes no difference whether the incumbent is the same person who is so nominated. Such a person nominated during a session does not take office until such person receives Senate approval.
Your second question asks:
 "2. When a person serving in an appointive position for a term certain is reappointed to that position for an additional term at the expiration of the first term, and when the Senate is in session, but the reappointment is withdrawn by the governor prior to senate action or confirmation, but more than thirty (30) days after the appointment was submitted to the senate, does the withdrawal of the appointment create a tolling of the provisions of article IV, section 51 specifying a time period for confirmation, thereby resulting in such person remaining in office as a continuation of the first term? Or did the right to serve terminate thirty (30) days after the convening of the senate with no confirmation of the reappointment being made?"
The thirty-day time limitation to which you refer as provided in Section 51 of Article IV, refers only to the appointment of persons when the Senate is not in session. This is evident from the express language of the provision which we have quoted in the second to the last sentence of the above section. The thirty-day limitation does not apply to nominations made when the Senate is in session.
In our view the Governor has the authority to withdraw a nomination made when the Senate is in session at any time before adjournment of the Senate if the Senate has not acted on such nomination. Such a nominee who is already an incumbent holding over under the provisions of Section 12 of Article VII of the Constitution has the right to continue to hold over under such section after the Governor withdraws the nomination.
Your third question asks:
"3. Under the circumstances outlined above:
 (a) Would such person be eligible for another appointment to the same position notwithstanding the fact that the senate had failed to act on the prior appointment within thirty (30) days after the submission thereof?
 (b) If not, would the fact that such person would not be eligible for a later such appointment affect the right, if any, as the person otherwise would have to occupy the position until a successor is appointed and qualified?"
We expressed our view that the thirty-day limit does not apply to nominations which are made while the Senate is in session. Assuming that such person's name is withdrawn by the Governor prior to the end of the regular or special session and prior to rejection by the Senate, the person would be eligible for further nomination to the same position.
Your fourth question asks:
 "4. Is there any limit to how long a person can continue to serve pending the appointment and qualification of a successor?"
Generally there is no limit as to how long a person can continue to serve pending the nomination and qualification of a successor. Section 12 of Article VII of the Missouri Constitution seems clear in this respect.
However, in the absence of a precise factual situation and in view of the dearth of legal precedent, we will not speculate as to how the courts would rule if an incumbent is nominated during a session but fails to receive Senate approval or is rejected by the Senate. If an incumbent is appointed to office during a recess he succeeds himself pending approval by the Senate within thirty days of the beginning of the session, and if not so approved, has no authority to hold over by virtue of his prior incumbency which terminated at the time of his later appointment.
CONCLUSION
It is the opinion of this office that under the provisions of Section 51 of Article IV of the Missouri Constitution, a nomination made during a session of the Senate is not subject to the constitutional thirty-day limitation in which the Senate must act since such limitation is applicable only to appointments made when the Senate is not in session. The Governor has authority to withdraw the nomination of a person made during a session of the Senate at any time before adjournment of the Senate if the Senate has not acted on such nomination.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General